FILED

2020 May-05  PM 02:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| BRAD LAMONT SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case Nos.   2:17-cv-8045-KOB |
| | ) |          2:07-cr-523-KOB-GMB |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This habeas case is before the court on Brad Lamont Smith's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 1); several subsequent motions to supplement or amend his motion to vacate (docs. 8, 9, 10, & 12);[1] the Government's response to this court's Order to Show Cause (doc. 6); and Smith's reply to the Government's response (doc. 7).

Smith asserts many claims in his motion to vacate, reply and subsequent amendments:

---

[1] The court GRANTS all of Smith's requests to amend or supplement his motion to vacate (docs. 8, 9, 10, & 12). In the interest of providing Smith with the maximum opportunity to provide all of his grounds for his motion to vacate, the court will address all grounds presented by Smith in all of his filings, including his reply (doc. 7). The court notes that the Government filed no sur-reply to Smith's reply and no opposition to any of Smith's motions to supplement or amend his initial motion to vacate.

The court denied due process by imposing sentences on each individual count, rather than using a "package concept" as authorized by *Dean v. United States* (docs. 1, 7) (claim 1).

He did not have a fair trial because he did not know the government paid a key prosecution witness $50,000 for her testimony (doc. 1) (claim 2).

He was convicted of a "non-existent offense" in Count One because the Hobbs Act robbery predicate offense "did not affect interstate commerce, or constitute a violent crime" (doc. 1) (claim 3).

The Hobbs Act robbery predicate offense for Count One and the Post Office armed robbery predicate offense for Count Six are no longer crimes of violence under 18 U.S.C. § 924 (c ) after *Davis v. United States* (docs. 1, 7, 8, 10, 12) (claim 4).

The Hobbs Act robbery predicate offense for Count One is no longer a crime of violence under the career offender sentencing guidelines after *Davis v. United States* (docs. 10 & 12) (claim 5).

His three Alabama first-degree robbery convictions are no longer qualifying predicate offenses under the Armed Career Criminal Act (ACCA) (doc. 9) (claim 6).

His trial counsel was ineffective for failing: (1) to seek dismissal of the Post Office armed robbery count; (2) to argue insufficiency of evidence to support the

predicate robbery offenses; (3) to adequately prepare for trial; (4) to request a jury instruction regarding accomplices; (5) to point out discrepancies between the government's theory and the testimony at trial; (6) to renew his motion for a severance; (7) to renew his Rule 404(b) objection regarding the post-arrest audio tape recordings; (8) to interview or investigate Smith's alibi witnesses for the Post Office robbery; (9) to allow Smith to testify; and (10) to raise more issues on appeal (doc. 7) (claim 7).

The district court erred in failing to instruct the jury on accomplice liability, in failing to renew his motion to sever and Rule 404(b) objections, and in failing to sua sponte order a mistrial (doc. 7) (claim 8).

He is actually innocent of the Hobbs Act robbery predicate offense in Count One and the Post Office armed robbery in Count Five (doc. 7) (claim 9).

The First Step Act requires a reduction of his sentence for his two § 924(c) convictions (doc. 10) (claim 10).

The court has interpreted Smith's claims liberally because he is not represented by counsel in this action. *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) ("Pro se filings, including those submitted by [the petitioner] in the present case, are entitled to liberal construction.").  After reviewing Smith's motion to vacate and subsequent amendments, the

Government's response, Smith's reply, and the criminal court record, and for the following reasons, the court finds that all of his claims in his motion to vacate should be DENIED.

## I. BACKGROUND

The Government filed a Superseding Indictment against Smith on January 29, 2008, charging him with Armed Robbery of a United States Post Office under 18 U.S.C. § 2114(a) (Count Five); Felon in Possession of a Firearm under 18 U.S.C. § 922(g) (Count Three); and two counts of Possession or Use of a Firearm in Furtherance of a Crime of Violence under 18 U.S.C. § 924(c) (Counts One and Six).[2] The predicate offense for the § 924(c) charge in Count One was an uncharged Hobbs Act robbery and the predicate offense for Count Six was the Post Office armed robbery charged in Count Five.  (Doc. 18 in 2:07-cr-523-KOB-GMB).

Prior to his trial, Smith's attorney, William R. Myers, filed a motion to bifurcate that the court denied and a motion in limine that the court granted by agreement of the Government.  (Docs. 31, 38, 45 & text order on 4/04/2008 in 2:07-cr-523-KOB-GMB).  After a three day trial, the jury found Smith guilty on all charges against him, and the court sentenced him on August 27, 2008 to 84 months

---

[2] The Superseding Indictment also charged his brother Christopher LaFrance Smith under Counts Two, Four, Five, and Seven.  Brad Smith was not charged under Counts Two, Four, or Seven.

on Count One to run consecutively with all other counts; 327 months on Count Three to run concurrently with Count Five; 300 months on Count Five to run concurrently with Count Three; and 300 months on Count Six to run consecutively with Counts One, Three, and Five.  (Docs. 56 & 64 in 2:07-cr-523-KOB-GMB).

**Appeal**

Smith's trial counsel, Mr. Myers, filed a Notice of Appeal on August 29, 2008, challenging the court's admission of (1) post-arrest phone conversations between Smith and his sister regarding Smith's "desire to prevent a key government witness from testifying," and (2) Smith's sister's testimony about what those conversations meant.  The Eleventh Circuit affirmed his conviction and sentence on December 9, 2009.  (Docs. 67 & 85 in 2:07-cr-523-KOB-GMB).  Smith did not seek a writ of certiorari in the Supreme Court.

**Habeas Case**

Almost eight years later, Smith filed the current habeas motion on October 15, 2017, asking this court to vacate, set aside, or correct his sentence.[3]  The court ordered the Government to show cause in writing why it should not grant the

---

[3]  Although the docket sheet reflects a "filed date" of October 30, 2017, the court, pursuant to the "Prisoner Mailbox Rule," deems the motion filed on October 15, 2017, the date that Smith signed the motion and presumably delivered it to prison officials. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (A pro se inmate's petition is deemed filed when he delivers it to prison officials for mailing, presumably the date he signs it.).

motion, and the Government filed its response on February 26, 2018.  (Docs. 2 &

6).  Smith subsequently filed his reply and four motions to amend or supplement

his initial motion to vacate.  (Docs. 7, 8, 9, 10, & 12).

Smith is currently incarcerated at USP Terre Haute.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-

year statute of limitations for filing a habeas motion under 28 U.S.C. § 2255,

which begins to run upon the triggering of one of four events.  28 U.S.C. §

2255(f)(1-4).  The only two triggers that could apply to Smith's habeas claims are

found in § 2255(f)(1) based on the date of Smith's final conviction and (f)(3)

based on the date of an applicable Supreme Court decision that is retroactively

applicable on collateral review.  The court must assess timeliness on a "claim-by-

claim basis in a multiple trigger date case." *Zack v. Tucker*, 704 F.3d 917, 922-26

(11th Cir. 2013).

So the court will discuss Smith's claims using two categories: timeliness

based on § 2255(f)(1) for claims 2, 3, 7, and 8 and timeliness based on § 2255

(f)(3) for claims 1, 4, 5, and 6. The court will then discuss claim 9 involving

actual innocence; address claim 10 involving the First Step Act; and explain why

Smith is not entitled to equitable tolling on any of his untimely claims.

***Timeliness based on § 2255(f)(1) (Claims 2, 3, 7, and 8)***

Under § 2255(f)(1), the one-year time limit begins to run on the "date on which the judgment of conviction becomes final."  Smith's one-year statute of limitations in 28 U.S.C. § 2255(f)(1) began to run when his time to apply for writ of certiorari with the Supreme Court expired ninety days after the Eleventh Circuit's December 9, 2009 decision—that is on March 15, 2010.  *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) (A judgment is "final" under § 2255(f)(1) when the 90-day deadline to petition for writ of certiorari expires, even if the petitioner does not seek certiorari.)  So, Smith had until March 15, 2011 to file his habeas claims under 28 U.S.C. § 2255(f)(1).

Because Smith brought claims for unfair trial because government paid a witness (claim 2), conviction of a non-existent offense (claim 3), ineffective assistance of counsel (claim 7), and district court errors during trial (claim 8) on October 15, 2017, over *six years* after the March 15, 2011 deadline under §

7

2255(f)(1), *and no other triggering event under § 2255(f) would apply to these claims*, they are untimely on their face.[4]

*Timeliness based § 2255(f)(3)*

Under 28 U.S.C. § 2255(f)(3), the one-year statute of limitations began to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court *and* made retroactively applicable to cases on collateral review." (Emphasis added). So, any claims made by Smith based on a Supreme Court decision *could* be timely if that decision applies to Smith's case and meets all of the requirements of § 2255(f)(3).

The court will address in turn each claim that could possibly fall under § 2255(f)(3).

> **The court denied due process by imposing sentences on each individual count rather than using a "package concept," as now authorized by *Dean v. United States* (doc. 1) (claim 1).**

In his first claim, Smith cites the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017) as grounds for timeliness under § 2255(f)(3). In *Dean*,

---

[4] Claims 2, 3, and 8, if not untimely, would be procedurally defaulted because Smith did not raise them in his direct appeal. The procedural default doctrine reflects the general rule that claims not raised on direct appeal may not be raised on collateral review. *See Massaro v. United States*, 538 U.S. 500, 504 (2003).  Claim 7 regarding ineffective assistance of counsel would not be procedurally defaulted but is untimely.

the Supreme Court held that a sentencing court may consider "a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense." *Dean*, 137 S. Ct. at 1178.  Smith brought this claim within one year of the Supreme Court's decision in *Dean* and argues that, because "the record does not make clear if the district court understood that it could consider the § 924 (c) counts mandatory minimum sentences when imposing the sentence on the [Post Office] robbery count, resentencing is authorized."  (Doc. 1 at 4).

But Smith's reliance on *Dean* is misplaced.  Neither the Supreme Court nor the Eleventh Circuit has made *Dean* retroactively applicable to cases on collateral review as required by § 2255(f)(3).  The court can find no Eleventh Circuit case that affirmatively states that *Dean* is *not* retroactively applicable, but other circuit and district courts have held that *Dean* is not retroactively applicable on collateral review. *See Habeck v. United States*, 741 F. App'x 953, 954 (4th Cir. 2018); *In re Dockery*, 869 F.3d 356 (5th Cir. 2017); *Alexander v. United States*, No. 6:18-cv-339-Orl-28GJK, 2019 WL 4040161, at *4 (M.D. Fla. August 27, 2019); *Seals v. United States*, Civ. No. 12-00545-CG, 2019 WL 2610137, at *5, (S.D. Ala. May 13, 2019), report and recommendation adopted, 2019 WL 2606843 (S.D. Ala. June 25, 2019); *Morales-Avila v. United States*, 2017 WL 9440380, *3 (N.D. Ga. August 4, 2017), report and recommendation adopted, 2017 WL 3948926 (N.D. Ga. Sept. 8, 2017).

Because Smith cannot show that *Dean* applies retroactively to cases on collateral review, he cannot satisfy § 2255(f)(3).  And reverting to the one-year deadline in § 2255(f)(1), this claim fails as untimely as discussed above.

**Predicate offenses for Counts One (Hobbs Act robbery) and Six (Post Office armed robbery) are no longer crimes of violence under 924(c) after *Davis v. United States* (docs. 1, 8, 10, 12) (claim 4).**

Smith argues that the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) rendered the Hobbs Act robbery predicate offense for Count One and his Post Office armed robbery predicate offense for Count Six no longer crimes of violence under 18 U.S.C. § 924 (c ).  (Docs. 1, 8, 10, 12). Although Smith raised this claim within one year of the Supreme Court's decision, the holding in *Davis* has no effect on Smith's convictions and this claim fails as untimely.

The jury found Smith guilty of two counts of violating 18 U.S.C. § 924(c), a federal statute that provides mandatory minimum sentences based on using, carrying, or possessing a firearm in connection with a federal "crime of violence." The "crime of violence" was an uncharged Hobbs Act robbery under 18 U.S.C. § 1951 for Count One and an armed robbery of a Post Office under 18 U.S.C. § 2114 for Count Six.

Prior to the Supreme Court's decision in *Davis*, under 18 U.S.C. § 924(c)(3)(A) and (B), a "crime of violence" was an offense that is a felony and (A) "has as an element the use, attempted use, or threatened use of physical force against

the person or property of another," *or* that (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  The former clause is referred to the "use-of-force" or "elements" clause, and the later clause as the "residual clause."  *Davis*, 139 S. Ct. at 2324.

The Supreme Court in *Davis* held that the *residual* clause in § 924(c)(3)(B) is unconstitutionally vague, abrogating the Eleventh Circuit's decision in *Ovalles v. United States*, 905 F.3d 1231 that held the exact opposite.  *Davis*, 139 S. Ct. at 2336. The Eleventh Circuit subsequently held that *Davis* announced a new rule of constitutional law that applied retroactively to cases on collateral review.  *In re Hammond*, 931 F.3d 1032, 1038-40 (11th Cir. 2019).

But *Davis* provides no assistance to Smith.  Both of his predicate offenses under Counts One and Six were and remain crimes of violence under the *elements* clause of § 924(c)(3)(A) because each require the use, attempted use, or threatened use of physical force against the person or property of another.  And the elements clause of § 924(c)(3)(A) remains valid despite the Supreme Court's ruling in *Davis* that § 924(c)(3)(B)'s residual clause is unconstitutionally vague.  *See Steiner v. United States*, 940 F.3d 1282, 1285 (11th Cir. 2019) (determining that *Davis* did not

11

affect the defendant's conviction under § 924(c) because the predicate offense

qualified as a "crime of violence" under § 924(c)(3)(A)'s elements clause).

Even after *Davis*, the Eleventh Circuit has held that Hobbs Act robbery under

18 U.S.C. § 1951 qualifies as a "crime of violence" under the elements clause of §

924(c)(3)(A). *See United States v. Joseph*, 0:19-cr-6005-UU-2, 2020 WL 2049074

(11th Cir. April 29, 2020) (unpublished opinion) (The Eleventh Circuit noted that it is

bound by its precedent in *In re Fleur* that substantive Hobbs Act robbery qualifies as

a "crime of violence" under § 924(c)'s elements clause.) (citing *In re Fleur*, 824 F.3d

1337 (11th Cir. 2016)); *see also United States v. St. Hubert*, 909 F.3d 335 (11th Cir.

2018) (en banc rehearing denied in 918 F. 3d 1174 (11th Cir. 2019) (citing *In re*

*Fleur* and holding Hobbs Act robbery is a "crime of violence" under § 924(c)(3)(A)'s

elements clause), *abrogated in part on other grounds by Davis v. United States*, 139

S. Ct. 2319).

To be clear, *In re Fleur* is binding precedent in this Circuit even after *Davis*.

Although *In re Fleur* involved an application for leave to file a second or

successive § 2255 motion, the Eleventh Circuit in *St. Hubert* held that "law

established in published three-judge orders issued pursuant to 28 U.S.C. § 2244(b)

in the context of applications for leave to file second or successive § 2255 motions

is binding precedent on all subsequent panels of this Court, including those reviewing direct appeals and collateral attacks. . . ."  *St. Hubert*, 909 F.3d at 346.

Nothing in *Davis*'s holding regarding the unconstitutionality of the residual clause of § 924(c)(3)(B) would invalidate Hobbs Act robbery as a "crime of violence" under the elements clause of § 924(c)(3)(A).  So, *Davis* provides no relief for Smith's § 924(c) conviction under Count One.

Likewise, the Eleventh Circuit in *In re Watt* held that armed robbery of a United States Post Office under 18 U.S.C. § 2114 "'indisputably describes a crime of violence'" for purposes of § 924(c).  *In re Watt*, 829 F.3d 1287 (11th Cir. 2016) (quoting *United States v. Dowd*, 451 F.3d 1244, 1251 (11th Cir. 2006)). As explained above, *In re Watt* is binding precedent in this Circuit even though it involved an application for leave to file a second or successive § 2255 motion.  So, again, nothing in *Davis* would invalidate the Post Office armed robbery predicate offense under § 924(c)'s elements clause, and *Davis* has no effect on Smith's § 924(c) conviction under Count Six.

Because the Supreme Court's ruling in *Davis* does not affect or invalidate Smith's predicate offenses for either of his § 924(c) convictions, this claim fails as untimely.[5]

> **Count One's predicate offense is no longer a crime of violence under the career offender sentencing guidelines after *Davis v. United States* (docs. 10 & 12) (claim 5).**

Smith argues that the Hobbs Act robbery predicate offense is no longer a crime of violence under the career offender enhancement of the Sentencing Guidelines after the Supreme Court's decision in *Davis* that § 924(c)'s residual clause was unconstitutionally vague.  But *Davis* does not apply to this claim for several reasons.

The Supreme Court in *Davis* did not address whether Hobbs Act robbery would qualify as a "crime of violence" under the elements clause of the career offender enhancement in § 4B1.2(a) of the Sentencing Guidelines; *Davis* only dealt with the residual clause of § 924(c)(3)(B). So, Smith cannot use *Davis* as the catalyst for timeliness under § 2255(f)(3) for this particular claim and this claim is untimely under § 2255 (f)(1).

But recently the Eleventh Circuit specifically held that Hobbs Act robbery does *not* qualify as a crime of violence under the elements clause of § 4B1.2(a) of the

---

[5]  Even if *Davis* somehow restarted the statute of limitations under § 2255(f)(3) on this claim, Smith would be entitled to no relief because both of his predicate offenses for Counts One and Six by their essential nature are "crimes of violence" under § 924(c)(3)(A)'s elements clause.

sentencing guidelines.  *United States v. Eason*, 953 F.3d 1184 (2020).  In *Eason*, the Eleventh Circuit explained that "there is nothing incongruous about holding that Hobbs Act robbery is a crime of violence for purposes of . . . [the elements clause in] § 924(c)(3)(A), which includes force against a person or property, but not for purposes of [the elements clause in] U.S.S.G. § 4B1.2(a)(1), which is limited to force against a person." *Eason*, 953 F.3d at 1191 (quotations and citations omitted). Because the elements clause in § 924(c)(3)(A) was broader and could reach the use, attempted use, or threatened use of force against *property*, Hobbs Act robbery satisfied that elements clause.  But because Hobbs Act robbery "sweeps more broadly" than § 4B1.2(a)(1)'s elements clause that is limited to force against a person, it "cannot count as a crime of violence." *Eason*, 953 F.3d at 1189.

But *Eason* does not help Smith. Because *Eason* is not a Supreme Court decision, that case cannot serve as grounds for timeliness under § 2255(f)(3).  More importantly, *Eason* does not apply to Smith's case because Hobbs Act robbery did not serve as the "crime of violence" for his career offender status under U.S.S.G. § 4B1.2(a)(1).

Pursuant to the  Presentence Investigation Report, under "Chapter Four Enhancements," Smith had previously been convicted of three crimes of violence, all for first-degree robbery under Alabama law, which remain crimes of violence as

discussed below.  The PSR indicates under "Chapter Four Enhancements" that the armed robbery of the Post Office under Count Five served as the "crime of violence" that made him a "career offender within the meaning of U.S.S.G. § 4B1.1" and makes no mention of the Hobbs Act robbery in Count One  (Doc. 62 at 14 in 2:07-cr-523-KOB-GMB).  So, the uncharged Hobbs Act robbery that served as the predicate offense for the § 924(c) charge in Count One had no role in Smith's career offender status under the Sentencing Guidelines.

Nothing in *Davis* or *Eason* applies to this claim, and it is untimely under § 2255 (f)(1).

### His three Alabama first-degree robbery convictions no longer qualify as predicate offenses under the ACCA (doc. 9) (claim 6).

Smith argues that his three first-degree robbery convictions under Alabama law no longer qualify as predicate offenses under the ACCA. He cites *United States v. Walton*, in which the Ninth Circuit Court of Appeals held that the defendant's conviction for Alabama first-degree robbery was not a "crime of violence" under the elements clause of the ACCA.  881 F.3d 768 (9th Cir. 2018).

Smith's reliance on *Walton* is misplaced for two reasons. First, only a *Supreme Court* decision that is made retroactively applicable to cases on collateral review can satisfy the requirements for timeliness under§ 2255(f)(3).  *Walton*, as a Ninth Circuit case, does not trigger the applicability of § 2255(f)(3), and this

claim is untimely under § 2255(f)(1)'s one-year deadline from his final judgment.

And the Eleventh Circuit, which provides binding precedent to this court, has held since *Walton* that an Alabama first-degree robbery conviction qualifies as a "crime of violence" under the elements clause of the ACCA "because Alabama robbery has an element that requires force with the intent to overcome the physical resistance of another." *United States v. Hunt*, 941 F.3d 1259, 1262 (11th Cir. 2019) (citing *In re Welch*, 884 F.3d 1319, 1324 (11th Cir. 2018)). So, regardless of the Ninth Circuit's opinion, the Eleventh Circuit's holdings in *Hunt* and *Welch* control in this Circuit.

Smith also argues that because this court granted his brother Christopher Smith's § 2255 motion in 5:16-cv-8072-KOB based on an underlying conviction no longer being a "crime of violence" under the ACCA, this court should also grant Smith's motion to vacate. But one of Christopher Smith's underlying predicate offenses for the ACCA was an Alabama conviction for shooting a firearm into an occupied vehicle, which the Government agreed was no longer a "crime of violence" under the ACCA after *Johnson v. United States*, 135 S. Ct. 2551 (2015). Smith's Alabama first-degree robbery convictions, however, remain "crimes of violence" under the ACCA.

***Actual Innocence (doc. 9)(claim 9)***

Smith alleges in several filings that he is "actually innocent" of the predicate offenses of Hobbs Act robber and Post Office armed robbery in his § 924(c) counts. "A showing of actual innocence provides an exception to the time-bar under AEDPA." *Mims v. United States*, 758 F. App'x 890, 892 (11th Cir. 2019) (citing *McQuiggin v. Perkins*, 569 U.S. 383 (2013)). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *McQuiggin*, 569 U.S. at 386.

To meet the threshold requirement for actual innocence to excuse a time-bar under § 2255(f), a petitioner must "persuade[] the district court that, in light of ***new* evidence**, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (emphasis added).

Smith has not met this threshold. He has presented no new evidence that he is actually innocent of the Hobbs Act robbery or the Post Office robbery. He instead recounts all the evidence presented at trial or available to him at trial and explains why that evidence was insufficient for a jury conviction. But the court has no ***new* evidence** before it that would even hint at meeting the high burden of proving actual innocence.

Smith seems to argue that, because he claims that his predicate offenses for

his § 924(c) convictions are no longer "crimes of violence," he is "actually innocent" of those crimes.  But "actual innocence" means "'factual innocence,' as opposed to mere legal innocence." *Rozzelle v. Sec'y, Fla. Dept. of Corr.*, 672 F.3d 1000, 1013 (11th Cir. 2002).  Smith cannot base his actual innocence claim on his legal arguments. But even if he could, as discussed above, the predicate offenses for his § 924(c) convictions are "crimes of violence" under the elements clause.

So, Smith has failed to demonstrate that he is factually innocent of any of the underlying convictions that formed the basis for his § 924(c) counts, or that any of those convictions subsequently were vacated. *See Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014) ("A prisoner may challenge a sentencing error . . . on collateral review when he can prove that he is actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated."). And he has offered nothing to rebut the evidence presented by the Government that Smith was in fact guilty of those crimes.

Smith's actual innocence claim lacks merit and does not serve as a basis for excusing the untimeliness of his claims.

### First Step Act (doc. 10) (claim 10)

Smith argues that the First Step Act of 2018 "further supports vacating and setting-aside" his sentences.  (Doc. 10 at 4).  Section 403 of the First Step Act

eliminated the ability of federal prosecutors to "stack" multiple § 924(c) charges.

Section 403 modified the language of § 924(c) to clearly state that the mandatory

minimum sentence of 25 years for any "second or subsequent" offense only

applies "after a prior conviction under this subsection has become final." First

Step Act of 2018, Pub. L. No. 115-391, § 403(b).

But Section 403 "provides expressly that the amendment to § 924(c) applies

**only to defendants not yet sentenced** when the Act was enacted." *Willingham v.*

*United States*,  No 19-12207, 2020 WL 1053098 (11th Cir. March 4, 2020)

(unpublished opinion) (citing language from First Step Act of 2018, Pub. L. No.

115-391, § 403(b) ("amendments to section 924(c) 'shall apply to any offense that

was committed before the date of enactment of this Act, *if a sentence for the*

*offense has not been imposed as of such date of enactment*.' (emphasis added)").

Assuming arguendo that the First Step Act could be a ground for § 2255

relief, it would not help Smith because he was sentenced many years *after* the

Act's enactment in 2018, making it in applicable by its own terms.  So, this claim

fails.

*Equitable Tolling*

The deadlines under § 2255(f)(1) and (f)(3) are "garden variety statute of

limitations," and not "jurisdictional bar[s]." *Mims*, 758 F. App'x at 892.  A court

may equitably toll the statute of limitations if the petitioner can show  "(1) that he has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way and prevented timely filing." *See San Martin v. McNeil,* 633 F.3d 1257, 1267 (11th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)) (emphasis added).  Equitable tolling is a "rare and extraordinary remedy." *San Martin*, 633 F.3d at 1267.

Smith fails to address—let alone show— due diligence or any extraordinary circumstance that prevented him from filing his claims in a timely manner. The court finds no grounds on which to apply equitable tolling in this case to any of Smith's untimely claims.

## III. CONCLUSION

For all of the reasons discussed above, the court finds that all of Smith's claims for habeas relief under § 2255 should be DENIED.

The court will enter a separate Final Order.

DONE and ORDERED this 5th day of May, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE